UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Judy Murphy,                                                           Civil No. 16-3778 (PAM/FLN)

                Plaintiff,

v.                                                                              **ORDER**

Synchrony Bank,

                Defendant.

**THIS MATTER** came before the undersigned United States Magistrate the parties' joint motion to stay the case (ECF No. 39). For the reasons set forth below, The motion is **DENIED**.

On September 22, 2016, Plaintiff filed her Complaint, in Hennepin County District Court, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA") by placing 108 debt-collection telephone calls to her cellular phone using an Automated Telephone Dialing System ("ATDS") or an artificial voice. *See generally* Compl., ECF No. 1, Ex. 1. On October 31, 2016, Defendant removed the case pursuant to 28 U.S.C. §§ 1441 and 1446. Notice of Removal, ECF No. 1.

On July 10, 2015, the Federal Communications Commission ("FCC") issued an omnibus Declaratory Ruling and Order. Joint motion to stay, ECF No. 39. The FCC determined, in relevant part, that: (1) an ATDS is any device that has both present and potential capacity to autodial telephone numbers; (2) a called party is a subscriber and customary user of the phone; and (3) calls to a wrong person and/or a reassigned telephone number violate the TCPA, with the exception of a limited one-call safe harbor. *See Roark v. Credit One Bank*, 16-cv-173, RHK-FLN, (ECF No. 21) (D. Minn. May 17, 2016). Numerous petitions were then filed by various parties seeking to vacate the FCC's July 10, 2015, Order. The D.C. Circuit has subsequently consolidated these petitions into one appeal. *See ACA International v. Federal Communications Commission*, No. 15-1211 (D.C.

Circuit).[1]  Nearly a year ago, the Defendant sought a stay of this matter until the DC Circuit ruled in *ACA International v. FCC*.  This court DENIED the stay ECF No. 33. The parties now jointly seek to stay the instant case pending the D.C. Circuit's decision in *ACA International*.

Courts have the inherent power to stay proceedings of an action in order to control their docket, conserve judicial resources, and provide just determination of pending cases. *See Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998) (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)). A decision to stay proceedings is within the broad discretion of the court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Generally, an applicant for a stay has the burden of showing specific hardship or inequity if the case is allowed to move forward. *See In re Hanson*, No. 13-2991, 2013 WL 6571594 (D. Minn. Dec. 13, 2013); *see also Landis*, 299 U.S. at 255.

Defendant argues that the D.C. Circuit's pending decision regarding the validity of the FCC's July 10, 2015, Order, will have binding nationwide implications regarding the definition of an ATDS and could be dispositive of Plaintiff's TCPA claims. ECF No. 18 at 3. In addition, Defendant argues that the majority of courts entertaining this issue have stayed the case pending the D.C. Circuit's review. *Id.* Defendant further argues that a stay will streamline discovery and reduce unneeded litigation expenses. *Id.*

Plaintiff opposed Defendant's prior motion to stay, but now appears to join in the request for a stay.

As this court concluded in May, 2017,  a stay in this case is unwarranted. Plaintiff's Complaint states that Defendant used an ATDS or an artificial voice. ECF No. 1, Ex. 1 ¶ 8. If the

---

[1]  During an April 19, 2017, hearing on Defendant's prior motion to stay, the parties represented that oral argument was heard by the D.C. Circuit in *ACA International* in October 2016.

D.C. Circuit abrogates the FCC's Order and eliminates Plaintiff's claims based on Defendant's alleged use of an ATDS, the Court must still resolve the question of whether an artificial voice was used. Alternatively, assuming the D.C. Circuit narrows the FCC's definition of an ATDS, the issue of whether Defendant used an ATDS within that narrowed definition will remain an unresolved issue. Put differently, the D.C. Circuit's decision in *ACA International* will not be dispositive of the entirety of claims presented in this case. Defendant admitted as much at the April 19, 2017, hearing on its prior motion. Staying the case, therefore, will not subject Defendant to an unnecessary lawsuit, but will only delay an aspect of it; the definition of an ATDS under review by the D.C. Circuit. Defendant has not identified a sufficient hardship or inequity that it would face if the case proceeds.[2]

Based upon the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to stay the case (ECF No. 39) is **DENIED**.

DATED: March 7, 2018   *s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

---

[2] This conclusion is consistent with this Court's order of nearly two years ago, denying a nearly identical motion to stay the case pending the outcome of the D.C. Circuit's resolution of *ACA International. Rourk, v. Credit One Bank, N.A.*, 16-cv-173 RHK-FLN, (ECF No. 21) (D. Minn. May 17, 2016).